1   HANSON, BRIDGETT, MARCUS, VLAHOS & RUDY, LLP
    PATRICK M. GLENN - 141604
2   pglenn@hansonbridgett.com
    CHRISTINA LUINI - 238548
3   cluini@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA 94105
    Telephone:     (415) 777-3200
5   Facsimile:     (415) 541-9366

6   Attorneys for Defendant
    CENTRAL CONTRA COSTA TRANSIT AUTHORITY

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  KERRY WALLS,                        No. C 08-0224 PJH

13              Plaintiff,              **DEFENDANT CENTRAL CONTRA COSTA
                                        TRANSIT AUTHORITY'S ANSWER TO
14      v.                              PLAINTIFF'S COMPLAINT FOR
                                        VIOLATION OF FAMILY AND MEDICAL
15  CENTRAL CONTRA COSTA TRANSIT        LEAVE ACT AND DENIAL OF DUE
    AUTHORITY,                          PROCESS**
16
                Defendant.
17

18

19

20

21      Defendant Central Contra Costa Transit Authority ("Defendant" or "CCCTA") by its

22  attorneys Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP answer Plaintiff Kerry Walls'

23  ("Plaintiff") Complaint as follows:

24                    **FACTS COMMON TO ALL CLAIMS**

25      1.      Defendant admits that Plaintiff began to work for CCCTA as a transit operator in

26  1995. Defendant is without sufficient knowledge or information sufficient to form a belief as to

27  the truth of Plaintiff's allegation that he is a resident of California and, on that basis, denies this

28  allegation.   Defendant expressly denies that Plaintiff was employed by CCCTA at all times

                                        - 1 -

1    relevant to the Complaint.

2        2.        Defendant admits that it is a joint powers agency consisting of 11 jurisdictions,

3    including: the cities of Clayton, Concord, Lafayette, Martinez, Orinda, Pleasant Hill, San Ramon,

4    Walnut Creek; the towns of Danville and Moraga; and the unincorporated areas of central Contra

5    Costa County.  Defendant further admits that it is a local public entity which operates a public

6    transportation system in Contra Costa County.  Except as expressly admitted herein, Defendant

7    denies each and every remaining material allegation of Paragraph 2 of the Complaint.

8        3.        Defendant admits that on or about January 20, 2006, it gave notice to Plaintiff of

9    its intent to terminate Plaintiff's employment due to Plaintiff's violation of CCCTA's Attendance

10   Policy and Article 53 of the Memorandum of Understanding ("MOU") governing Plaintiff's

11   employment with CCCTA.  Defendant terminated Plaintiff's employment on or about January 27,

12   2006.  Except as expressly admitted herein, Defendant denies each and every remaining material

13   allegation of Paragraph 3 of the Complaint.

14       4.        Defendant denies Plaintiff's suggestion that Defendant decided to change a

15   "proposed termination" into a Last Chance Agreement.  On or about January 27, 2006, Defendant

16   terminated Plaintiff's employment.      Following his termination, Plaintiff's union, the

17   Amalgamated Transit Union, Local 1605 ("Local 1605"), filed a grievance concerning Plaintiff's

18   termination.  On or about February 16, 2006, Defendant met with Local 1605, as part of the

19   second step grievance meeting required by the MOU between Defendant and Local 1605.

20   Subsequently, Defendant and Local 1605 agreed to resolve the grievance by entering into a "Last

21   Chance Agreement" with  Local 1605 and Plaintiff as a condition to Plaintiff's reemployment

22   with Defendant.    Except as expressly admitted herein, Defendant denies each and every

23   remaining material allegation of Paragraph 4 of the Complaint.

24       5.        Defendant admits that on or about March 1, 2006 or March 2, 2006, Defendant

25   met with Local 1605 in Concord, California; Plaintiff was also present at this meeting.  Defendant

26   further admits that during this meeting, Defendant and Local 1605, discussed resolution of

27   Plaintiff's grievance and the proposed "Last Chance Agreement."  At the time of the meeting

28   between Defendant, Local 1605, and Plaintiff, Local 1605 and Plaintiff had not yet executed the

- 2 -

1   proposed "Last Chance Agreement" and, thus, Plaintiff was not an employee of Defendant.

2   Except as expressly admitted herein, Defendant denies each and every remaining material

3   allegation of Paragraph 5 of Plaintiff's Complaint.

4        6.    Defendant is without knowledge or information sufficient to form a belief as to the

5   truth of the material allegations in Paragraph 6 of Plaintiff's Complaint and, on that basis, denies

6   those allegations.

7        7.    Pursuant to the Last Chance Agreement, Plaintiff was required to report to work at

8   11:00 a.m. on March 2, 2006 for a refresher training.  Plaintiff reported to work for the refresher

9   training on March 2, 2006, as required by the Agreement.  Defendant further admits that under

10   the Last Chance Agreement, Plaintiff was required to report to work on March 3, 2006 at a

11   particular time in order to cover the "PM straight run" identified in the Agreement.  Defendant

12   admits that Plaintiff did not report to work on March 3, 2006.  Defendant is without knowledge or

13   information sufficient to form a belief as to the truth of the remaining material allegations in

14   Paragraph 7 of Plaintiff's Complaint and, on that basis, denies those allegations.

15        8.    Defendant admits that it terminated Plaintiff's employment after he violated the

16   terms of his Last Chance Agreement by failing to call in or report to work on or about March 3,

17   2006.  Except as expressly admitted herein, Defendant denies each and every remaining material

18   allegation of Paragraph 8 of the Complaint.

19   **FIRST CLAIM**

20   **(FMLA - 29 U.S.C. §§ 2601, *et. seq.*)**

21        9.    Defendant incorporates by reference its responses to Paragraphs 1 through 8 of

22   Plaintiff's Complaint, inclusive, as if fully set forth herein.

23        10.    Defendant denies each and every material allegation contained in Paragraph 10 of

24   Plaintiff's Complaint.

25        11.    Defendant admits that Plaintiff purports to invoke the Court's federal question

26   jurisdiction under the Family and Medical Leave Act, 29 U.S.C. § 1615.  Defendant further

27   admits that Defendant resides in this judicial district and that the events at issue occurred in this

28   judicial district.  Except as expressly admitted herein, Defendant denies each and every remaining

- 3 -

1   material allegation of Paragraph 11 of Plaintiff's Complaint.

2                              **SECOND CLAIM**

3                **(Wrongful Termination in Violation of Public Policy)**

4          12.     Defendant incorporates by reference its responses to Paragraphs 1 through 8 of

5   Plaintiff's Complaint, inclusive, as if fully set forth herein.

6          13.     Defendant denies each and every material allegation contained in Paragraph 13 of

7   Plaintiff's Complaint.

8          14.     Defendant admits that Plaintiff seeks to invoke the court's supplemental

9   jurisdiction over pendant state claims pursuant to 28 U.S.C. Section 1367. Defendant further

10  admits that Defendant resides in this judicial district and that the events at issue occurred in this

11  judicial district. Except as expressly admitted herein, Defendant denies each and every remaining

12  material allegation of Paragraph 14 of Plaintiff's Complaint.

13                              **THIRD CLAIM**

14                           **(42 U.S.C. § 1983)**

15         15.     Defendant incorporates by reference its responses to Paragraphs 1 through 8 of

16  Plaintiff's Complaint, inclusive, as if fully set forth herein.

17         16.     Defendant denies each and every material allegation contained in Paragraph 16 of

18  Plaintiff's Complaint.

19         17.     Defendant denies each and every material allegation contained in Paragraph 17 of

20  Plaintiff's Complaint.

21         18.     Defendant denies each and every material allegation contained in Paragraph 18 of

22  Plaintiff's Complaint.

23         19.     Defendant admits that Plaintiff purports to invoke the Court's federal question

24  jurisdiction under 29 U.S.C. Sections 1331 and 1343. Defendant further admits that Defendant

25  resides in this judicial district and that the events at issue occurred in this judicial district. Except

26  as expressly admitted herein, Defendant denies each and every remaining material allegation of

27  Paragraph 19 of Plaintiff's Complaint.

28  ///

                                        - 4 -

1

### FOURTH CLAIM

2

### (Denial of Due Process - California Constitution)

3      20.    Defendant incorporates by reference its responses to Paragraphs 1 through 8 of

4    Plaintiff's Complaint, inclusive, as if fully set forth herein.

5      21.    Defendant denies each and every material allegation contained in Paragraph 21 of

6    Plaintiff's Complaint.

7      22.    Defendant denies each and every remaining material allegation of Paragraph 22 of

8    Plaintiff's Complaint.

9      23.    Defendant admits that Plaintiff seeks to invoke the court's supplemental

10   jurisdiction over pendant state claims pursuant to 28 U.S.C. § 1367. Defendant further admits

11   that Defendant resides in this judicial district and that the events at issue occurred in this judicial

12   district. Except as expressly admitted herein, Defendant denies each and every remaining

13   material allegation of Paragraph 23 of Plaintiff's Complaint.

14

### AFFIRMATIVE DEFENSES

15   Defendant hereby asserts the following affirmative defenses to Plaintiff's Complaint:

16

### FIRST AFFIRMATIVE DEFENSE

17   As a first and separate affirmative defense, Defendant alleges that, as to each of Plaintiffs

18   claims against Defendant, Plaintiff fails to state facts sufficient constitute a claim upon which

19   relief can be granted.

20

### SECOND AFFIRMATIVE DEFENSE

21   As a second and separate affirmative defense, Defendant alleges that Defendant has

22   satisfied the conditions of Labor Code § 3706, and to the extent that Plaintiff's Complaint, and

23   each claim contained therein, seeks damages for injuries subject to recovery thereunder,

24   Plaintiff's claims are barred by the exclusive remedial provisions of the California Workers'

25   Compensation Act, California Labor Code §§ 3200, *et. seq.*

26

### THIRD AFFIRMATIVE DEFENSE

27   As a third and separate affirmative defense, Defendant alleges on information and belief

28   that Plaintiff has failed to mitigate his damages, if any.

- 5 -

## FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent they rely upon conduct for which Defendant has immunity including, but not limited to, any immunity afforded Defendant pursuant to California Government Code Sections 815, *et. seq.*

## FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent that the conduct alleged is based upon conduct falling outside the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Section 335.1 and 29 U.S.C. Section 2617(c).

## SIXTH AFFIRMATIVE DEFENSE

As an sixth and separate affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by his failure to exhaust remedies under the Memorandum of Understanding between his union and CCCTA.

## SEVENTH AFFIRMATIVE DEFENSE

As an seventh and separate affirmative defense, Plaintiff's Complaint, and each cause of action contained therein, is barred in whole or in part, by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth and separate affirmative defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

As a ninth and separate affirmative defense, Defendant alleges, on information and belief, that Plaintiff's claims are barred, in whole or in part, because he has failed to comply with the applicable filing requirements of the California Tort Claims Act, Government Code Sections 900, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

As a tenth and separate affirmative defense, Defendant alleges that any claim by Plaintiff for exemplary and punitive damages, if any, is barred pursuant to California Government Code

- 6 -

1   Section 818 because Defendant is a public entity.

2   **ELEVENTH AFFIRMATIVE DEFENSE**

3        As an eleventh and separate affirmative defense, Defendant alleges that Plaintiff's claims

4   are barred, in whole or in part, to the extent they are based upon communications and actions of

5   Defendant's agents or managerial employees that were privileged.

6   **TWELFTH AFFIRMATIVE DEFENSE**

7        As a twelfth and separate affirmative defense, Defendant alleges that Plaintiff's claims are

8   barred, in whole or in part, by the equitable doctrine of laches.

9   **THIRTEENTH AFFIRMATIVE DEFENSE**

10        As a thirteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims

11   are barred, in whole or in part, because any actions taken by Defendant against Plaintiff, if any,

12   were made with an honest, good faith belief that such actions did not violate the federal Family

13   and Medical Leave Act, 29 U.S.C. Sections 2601-2619 or the California Family Rights Act,

14   California Government Code Sections 13945.2, *et. seq.*

15   **FOURTEENTH AFFIRMATIVE DEFENSE**

16        As a fourteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims

17   are barred, in whole or in part, for failure to exhaust available administrative remedies including,

18   but not limited to, application for a writ of mandate pursuant to California Code of Civil

19   Procedure Section 1094.5.

20   **FIFTEENTH AFFIRMATIVE DEFENSE**

21        As a fifteenth and separate affirmative defense, Defendant alleges that Plaintiff's recovery

22   of damages, if any, must be reduced or denied under the doctrine of after-acquired evidence.

23   **SIXTEENTH AFFIRMATIVE DEFENSE**

24        As a sixteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims

25   are barred, in whole or in part, because Defendant would have made the same employment

26   decisions concerning Plaintiff absent any discriminatory or retaliatory motive.

27   ///

28   ///

- 7 -

**RESERVATION OF RIGHTS**

Because Plaintiff's Complaint is vague, ambiguous and written in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses to the extent such defenses are applicable.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by this action;

2.    That judgment be entered in Defendant's favor;

3.    That Defendant recover its costs and attorneys' fees in this proceeding; and

4.    That the Court grant such other relief as it deems appropriate.


DATED: February 19, 2008                    HANSON BRIDGETT MARCUS
                                            VLAHOS & RUDY, LLP


                                            By: /s/ Christina A. Luini
                                            PATRICK M. GLENN
                                            CHRISTINA LUINI
                                            Attorneys for Defendant
                                            CENTRAL CONTRA COSTA TRANSIT
                                            AUTHORITY

DEFENDANT CCCTA'S ANSWER TO PLAINTIFF'S COMPLAINT –
CASE NO. C 08-0224 PJH

1418996.2