1  NEYHART, ANDERSON, FLYNN & GROSBOLL
   WILLIAM J. FLYNN - 95371
2  BENJAMIN K. LUNCH - 246015
   blunch@neyhartlaw.com
3  44 Montgomery Street, Suite 2080
   San Francisco, CA  94104
4  Telephone:   (415) 677-9440
   Facsimile:    (415) 677-9445
5
6  Attorneys for Plaintiff
   KERRY WALLS
7
   HANSON BRIDGETT LLP
8  PATRICK M. GLENN - 141604
   pglenn@hansonbridgett.com
9  CHRISTINA LUINI - 238548
   cluini@hansonbridgett.com
10 425 Market Street, 26th Floor
   San Francisco, CA  94105
11 Telephone:   (415) 777-3200
   Facsimile:    (415) 541-9366
12
13 Attorneys for Defendant
   CENTRAL CONTRA COSTA TRANSIT AUTHORITY

14
15              **UNITED STATES DISTRICT COURT**

16        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17              **SAN FRANCISCO DIVISION**

18

19 KERRY WALLS,                          No. C 08-0224-PJH

20          Plaintiff,                   **JOINT CASE MANAGEMENT
                                         CONFERENCE STATEMENT & RULE
21    v.                                 26(f) REPORT**

22 CENTRAL CONTRA COSTA TRANSIT          Fed. R. Civ. P.26(f); L.R. 16-9
   AUTHORITY,
23
            Defendant.
24                                       **Date:        April 24, 2008
                                         Time:        2:30 p.m.
25                                       Judge:       Phyllis J. Hamilton
                                         Room:        3
26                                       Action Filed:  January 14, 2008
                                         Trial Date:   Not set.**
27

28
                              - 1 -

1    **TO THE HONORABLE PHYLLIS J. HAMILTON:**

2        Pursuant to Federal Rule of Civil Procedure, Rule 26(f), Local Rule 16-9(a), and

3    the Standing Order for All Judges of the Northern District of California, Re: Contents of

4    Joint Case Management Statement, Plaintiff Kerry Walls ("Walls" or "Plaintiff") and

5    Defendant Central Contra Costa Transit Authority ("CCCTA") jointly submit this Case

6    Management Statement and request that the Court adopt it as the Case Management

7    Order in this case.

8    **1.    Jurisdiction and Service**

9        **Joint Statement:**

10       All parties have been served.  At this time, the parties do not dispute that

11   jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff

12   asserts claims under the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601,

13   *et. seq.*, and the Civil Rights Action of 1871, 42 U.S.C. § 1983.  Defendant reserves the

14   right to challenge the jurisdiction of this Court if, at any time, only Plaintiff's supplemental

15   state law claims survive a motion for summary adjudication or some other dispositive

16   motion.

17   **2.    Facts**

18       **Plaintiff's Position:**

19       Mr. Walls was a public employee employed by Defendant.  Defendant proposed

20   to terminate Mr. Walls on or about January 20, 2006 from his position as a bus driver,

21   and that in February or March 2006, Defendant changed the proposed termination to a

22   "last chance agreement."  Despite suffering from a serious health condition within the

23   meaning of FMLA, Mr. Walls was required by Defendant to return to work before his

24   doctors had cleared him to return to work.  Mr. Walls did not return to work, and

25   Defendant subsequently terminated him on or about March 3, 2006, without a pre-

26   termination or post-termination hearing.

27       **Defendant's Position:**

28       Defendant denies and disputes Plaintiff's claims.

The principal factual issues that the parties dispute are: (1) whether there are sufficient facts to establish any claim upon which relief may be granted; (2) whether Plaintiff was employed by CCCTA at the time he allegedly requested an FMLA leave; (3) whether CCCTA terminated Mr. Walls employment for the legitimate, non-discriminatory and non-retaliatory business reason that Mr. Walls failed to comply with terms of the "Last Chance Agreement," which he freely entered into with the guidance of his union representative.

**3.    Legal Issues**

**Plaintiff's Position:**

Plaintiff contends that his termination constituted a violation of FMLA, 42 U.S.C. § 1983, California's prohibition on terminations in violation of public policy and denied Plaintiff due process pursuant to the California Constitution.

**Defendant's Position:**

Defendant contends that Plaintiff's claims will fail as a matter of law.  The principle legal matters at issue are: (1) whether Plaintiff was an "eligible employee" within the meaning of FMLA at the time he allegedly requested time off of work; (2) whether Plaintiff suffered from a "serious health condition" for which he was entitled to FMLA leave at the time he allegedly requested it; (3) whether Plaintiff's agreement to the terms of the "Last Chance Agreement" executed on or about March 2, 2006 served as a waiver of any due process right to pre-termination notice and/or hearing; (4) whether the grievance procedure provided in the MOU between Plaintiff's union, Amalgamated Transit Union, Local 1605 ("Local 1605") and CCCTA afforded Plaintiff sufficient procedural due process; (5) whether Plaintiff's state law wrongful termination claim is barred by the California Tort Claims Act, Government Code §§ 900, *et. seq.*; (6) to the extent that CCCTA's actions with regards to Plaintiff are found to have violated due process, whether reinstatement is an appropriate remedy.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
(CASE NO. C 08-0224-PJH)

1444384.2

**4.    Motions**

To date, no motions have been filed.

**Plaintiff's Statement:**

Plaintiffs do not anticipate filing any dispositive motions at this time.

**Defendant's Statement:**

Defendant anticipates filing a motion for judgment on the pleadings and/or a motion for summary judgment/ adjudication.

**5.    Amendment of Pleadings**

**Joint Statement:**

The parties do not anticipate any amendment to the pleadings.  Leave to amend pleadings should only be granted pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

**6.    Evidence Preservation**

**Joint Statement:**

The parties are taking all appropriate steps to preserve any available evidence. The parties have reviewed any applicable document and electronic information retention policies and will take all steps necessary to ensure the preservation of evidence relevant to likely issues in the action.

**7.    Disclosures**

**Joint Statement:**

The parties have agreed to exchange their initial disclosures by hand or e-mail on or before April 22, 2008.  Following the case management conference, the parties agree to meet and confer on the sufficiency of the initial disclosures to determine whether supplemental disclosures are necessary.

**8.    Discovery**

**Joint Statement:**

The parties will need discovery on all the subjects normally at issue in FMLA, wrongful termination, and deprivation of procedural due process claims and, specifically,

- 4 -

1    on all the allegations in Plaintiff's Complaint.  Currently, there does not appear to be a

2    need to conduct discovery in phases or limit discovery to particular issues.

3         Plaintiff anticipates propounding interrogatories, requests for document production

4    and requests for admissions on Defendant.  Plaintiff also anticipates deposing witnesses

5    employed by Defendant.

6         Defendant intends to propound interrogatories, requests for admission, and

7    requests for production to Plaintiff and intends to take the depositions of Plaintiff and any

8    other witnesses that may be identified in written discovery and Plaintiffs deposition.

9         The parties propose to complete non-expert discovery by December 15, 2008.

10   Expert witness designations shall be made on or before February 7, 2009.  Rebuttal

11   expert designations shall be made on or before February 22, 2009.

12        The parties agree that the limitations on discovery imposed by the Federal Rules

13   of Civil Procedure should apply to this case, except that the parties agree that Defendant

14   may take Plaintiff's deposition and Plaintiff may take the deposition of one CCCTA

15   representative for up to two days, if needed.  The parties agree to meet and confer if

16   additional changes to the limitations on discovery are needed as litigation progresses.

17   **9.    Class Actions**

18        **Joint Statement:**

19        This action is not a class action.

20   **10.   Related Cases**

21        **Joint Statement:**

22        The parties are unaware of any related cases or proceedings currently pending.

23   **11.   Relief**

24        **Plaintiff's Position:**

25        Plaintiff seeks an order reinstating him to his former position as a Bus Driver, and

26   further seeks to be "made whole," including but not limited to damages for any economic

27   harm, back pay and any applicable benefit contributions he would have received but for

28   his termination.  Plaintiff also seeks further damages for any non-economic harm

suffered by Plaintiff.  Plaintiff further seeks attorneys fees and costs.

**Defendant's Position:**

Defendant does not seek damages.  Even if liability is established, Defendant denies that Plaintiff is entitled to any damages or to reinstatement.

**12.    Settlement and ADR**

**Joint Statement:**

The parties filed their Notice of Need for ADR Phone Conference and their ADR Certifications on April 3, 2008.  The ADR Phone Conference has been scheduled for April 22, 2008 at 3:00 p.m.

**13.    Consent to Magistrate Judge for All Purposes**

**Joint Position:**

The parties do not consent to the use of a magistrate judge for all purposes.

**14.    Other References**

**Joint Position:**

The parties do not view this case as suitable for a special master, binding arbitration, or under the Judicial Panel for Multidistrict Litigation.

**15.    Narrowing of issues**

**Plaintiff's Position:**

Plaintiff does not believe at this time that the legal issues in this case require pre-trial narrowing.

**Defendant's Position:**

Defendants believe the legal issues in this case can be decided by the Court through a dispositive motion.

**16.    Expedited Schedule**

**Joint Position:**

The parties do not believe that this case is amenable to handling on an expedited basis.

- 6 -

**17.    Scheduling**

**Joint Proposed Schedule**

Deadline to complete non-expert discovery:  December 15, 2008

Deadline to <u>file</u> dispositive motions:  January 15, 2009

Deadline to designate expert witnesses: February 7, 2009

Deadline to designate rebuttal experts:    February 22, 2009

Deadline to complete expert discovery:   March 30, 2009

Final pre-trial conference:  May 5, 2009

Trial date:  May 19, 2009

**18.    <u>Trial</u>**

**Plaintiff's Position:** Plaintiff demanded trial by jury.

**Joint Position:**

The parties anticipate trial to last 4-6 days.

**19.    <u>Disclosure Of Non-party Interested Entities or Persons</u>**

**Plaintiff's Statement:**

Plaintiff is presently unaware of any non-party interested entities or persons.

**Defendant's Statement:**

Pursuant to Local Rule 3-16(a), Defendant is not required to file a "Certification of Interested Entities or Persons" because it is a public entity.

//

//

- 7 -

1    DATED:  April 17, 2008                    NEYHART, ANDERSON, FLYNN &
2                                              GROSBOLL

3
4                                              BY: _____
5                                                  WILLIAM J. FLYNN
                                                   BENJAMIN K. LUNCH
6                                                  Attorneys for Plaintiff
                                                   KERRY WALLS

7    DATED:  April 17, 2008                    HANSON BRIDGETT LLP

8
9                                              By: _____
10                                                 PATRICK M. GLENN
                                                   CHRISTINA A. LUINI
11                                                 Attorneys for Defendant
                                                   CENTRAL CONTRA COSTA TRANSIT
12                                                 AUTHORITY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   - 8 -