UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KERRY WALLS,

    Plaintiff,

    v.

CENTRAL CONTRA COSTA TRANSIT AUTHORITY,

    Defendant.

_____/

No. C 08-0224 PJH

**ORDER RE POST APPEAL REMEDY**

After this court's April 26, 2010 entry of summary judgment in favor of defendant Central Contra Costa Transit Authority ("CCCTA" or "defendant"), and plaintiff Kerry Walls' ("Walls" or "plaintiff") subsequent successful appeal to the Ninth Circuit, this action is once again before the court for resolution of the parties' cross-motions regarding remedial issues following appeal.

## BACKGROUND

This action generally arises out of plaintiff's termination from employment with the CCCTA.

A.    Procedural History

Plaintiff was terminated from his job with the CCCTA in 2006, and filed the instant action on January 14, 2008, alleging four claims against CCCTA: (1) for violation of the Family Medical Leave Act ("FMLA"), pursuant to 29 U.S.C. § 2601 et seq.; (2) for wrongful termination in violation of public policy; (3) for violation of plaintiff's federal constitutional right to due process, pursuant to 42. U.S.C. § 1983; and (4) for violation of plaintiff's state constitutional right to due process. See generally Complaint.

In April 2010, the court heard and decided the parties' cross-motions for summary

judgment. The court granted defendant's motion for summary judgment on all claims. See April 26, 2010 Order Granting Motion for Summary Judgment and Denying Motion for Summary Judgment ("MSJ Order").

First, the court found that plaintiff was not an eligible 'employee' at the time he requested leave, under the FMLA. With respect to plaintiff's claims for violation of due process under the state and federal constitutions, the court considered plaintiff's assertion that defendant had violated his due process rights by failing to offer him an adequate pre and/or post termination hearing. The court noted that under both federal and state law, due process has generally been held to require that a public employee be provided with *both* pre-termination *and* post-termination due process. Viewing the undisputed facts, however, the court held that plaintiff could not prevail on a claim arising from defendant's purported failure to provide either. The court found that plaintiff's execution of a Last Chance Agreement – pursuant to which plaintiff agreed to final and immediate termination for failure to comply with specified work conditions, without recourse to grievance or arbitration proceedings – was sufficient to knowingly and voluntarily waive plaintiff's right to either pre or post termination hearings. The court then entered summary judgment as to the state and federal constitutional claims on this basis, and declined to reach the question whether the post-termination proceedings afforded plaintiff by CCCTA had comported with due process.

As for the remaining wrongful termination claim, the court found that plaintiff's claim failed for the same reasons as the foregoing claims and that, moreover, plaintiff had conceded defendant's arguments on this point.

Plaintiff appealed the court's decision to the Ninth Circuit. In his appeal, plaintiff only raised arguments with respect to his federal and state due process claims, and the FMLA claim. With respect to his state and federal due process claims, plaintiff argued that he had been unlawfully deprived of his constitutional rights to a pre-termination hearing, and was entitled to judgment as a matter of law on these claims. He raised no argument on appeal

with respect to the post-termination hearing he was provided. With regard to his FMLA claim, plaintiff disputed this court's finding that he was not an eligible employee within the meaning of the FMLA.

On August 3, 2011, the Ninth Circuit affirmed this court's decision in part, and reversed and remanded in part. Specifically, the Ninth Circuit affirmed the court's holding with respect to the FMLA claim, and reversed with respect to the state and federal due process claims. See Walls v. Central Contra Costa Transit Auth., 653 F.3d 963 (9th Cir. 2011).

As to the constitutional claims, the Ninth Circuit held that both federal and state due process requirements mandate that plaintiff, as a public employee, is entitled to a pre-termination hearing that provides notice and an opportunity to be heard. Since it was undisputed that plaintiff did not receive a pre-termination hearing before his firing, and since no amount of post-termination process can fulfill the requirement of a pre-termination hearing, the Ninth Circuit concluded that plaintiff's due process rights had been violated under the state and federal constitutions. Underlying the Ninth Circuit's holding, however, was the court's conclusion that the Last Chance Agreement did *not* suffice to waive plaintiff's rights to pre or post termination hearings. Thus, on this basis the court reversed the district court's holding, and found that because plaintiff had not received a pre-termination hearing, judgment must be entered in plaintiff's favor. Notably, the court stated that it was remanding the matter to the district court with instructions to grant judgment for plaintiff on the due process claims, and "to determine what remedy, if any, is appropriate." See 653 F.3d at 970.

B.  The Instant Motions

The parties have now filed cross-motions in order to brief the question of remedy – specifically, what the court should order as a remedy on remand.

## DISCUSSION

Having been directed to enter judgment in plaintiff's favor on the state and federal

due process claims, the issues for the court are straightforward: (1) to determine an appropriate remedy for the failure to provide a pre-termination hearing under the California constitution; and (2) to determine an appropriate remedy for the failure to provide a pre-termination hearing under the federal constitution.

### 1. California Due Process Violation

The parties dispute the appropriate remedy for defendant's failure to provide pre-termination due process under the California constitution. Plaintiff asserts that the remedy for defendant's failure to provide a pre-termination hearing is (a) back pay; and (b) a full post-termination evidentiary hearing before a neutral arbitrator. Plaintiff contends that any back pay award should cover the length of time from plaintiff's termination, until such time as a decision is made on any post-termination evidentiary hearing. Defendant, by contrast, responds that back pay is precluded pursuant Katzberg v. Regents of Univ. of Cal., 29 Cal. 4th 300 (2002). As for plaintiff's demand for a post-termination evidentiary hearing, defendant contends that the post-termination grievance process already conducted was sufficient to remedy any lack of any pre-termination due process.

#### a. back pay

Turning to the back pay issue first, plaintiff correctly notes that generally, Article I, § 7(a) of the California constitution requires that pre-termination, a public employee must be provided with notice and the opportunity to be heard. See Skelly v. State Personnel Bd., 15 Cal. 3d 194, 215 (1975) ("pre-removal safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline"). Plaintiff also correctly notes that California law has also recognized that the remedy for failure to provide pre-termination due process is an award of back pay for the period of wrongful discipline. See Barber v. State Personnel Bd., 18 Cal. 3d 395, 402 (1976)("damages consist only of back pay for the period discipline was improperly imposed, i.e., from the date of actual discipline to the time discipline was validated by the hearing");

see also Roe v. State Personnel Bd., 120 Cal. App. 4th 1029, 1040 (2004).

Katzberg v. Regents of Univ. of Cal., which defendants rely on for the proposition that monetary damages – and therefore, back pay – are not available in order to remedy a due process violation asserted under Article 1, § 7(a), does not require a different outcome. See 29 Cal. 4th 300 (2002). In Katzberg, a university professor who had been removed as department chairman as part of an investigation into money irregularities at the university (but who had retained his position as tenured professor) sued university officials for failure to provide a "name clearing hearing" prior to removing him as department chairman. By failing to provide such a hearing, plaintiff asserted that defendants violated his due process liberty interest under Article 1, § 7(a) of the California constitution. In considering the question of remedy vis-a-vis such a claim, the California Supreme Court framed the question before it as follows: "whether, assuming the complaint states a violation of plaintiff's due process liberty interest, plaintiff may maintain an action for monetary damages to remedy the asserted violation of his due process liberty interests under Article 1, § 7(a)." See 29 Cal. 4th at 307. The Court then undertook an analysis of the language and history of the constitutional due process provision, before concluding that there is no right "to seek damages for a violation of the due process liberty interest," nor is there any reason justifying the creation of a constitutional tort in order to remedy damages for violation of the due process "liberty" interest. Id. at 324.

As Katzberg expressly notes, it is limited to the narrow issue of whether money damages are available in response to a claim for violation of the due process *liberty* interest. See 29 Cal. 4th at 307. It does not purport to pass on the issue raised here: whether back pay, or money damages generally, are permissible remedies for violation of the due process property interest. Indeed, it is significant that at least one post-Katzberg case, Roe, 120 Cal. App. 4th 1029, reaffirms the availability of backpay as a remedy for failure to provide a pre-termination hearing.

In view of the foregoing, the court concludes that defendant's invocation of Katzberg

5

as a basis for precluding an award of back pay rests upon an overly expansive interpretation of Katzberg. Back pay, as a remedy for the failure to provide pre-termination due process under the state constitution, is not expressly precluded under Katzberg where, as here, plaintiff invokes a due process property interest. Moreover, even if Katzberg were to preclude the availability of money damages as a remedy for violation of a due process property interest, the court is not altogether convinced that back pay would not nonetheless be available as an equitable form of relief distinct from money damages. See Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1020 (9th Cir. 2000); see also 42 U.S.C. 2000e-5(g)(1).

In sum, however, the court concludes that an award of back pay is appropriate in order to remedy defendant's failure to provide plaintiff with pre-termination due process under the California constitution. As pre-termination due process under Skelly requires only notice and an opportunity to be heard, and since it is undisputed that defendant allowed plaintiff to grieve his termination (and was provided with notice and an opportunity to be heard), the scope of the back pay award shall be awarded from the date of plaintiff's termination, on February 2, 2006, up until the date that defendant issued a decision on plaintiff's post-termination grievance, on April 11, 2006. Skelly, 15 Cal. 3d at 215; Barber, 18 Cal. 3d at 402 ("damages consist only of back pay for the period discipline was improperly imposed, i.e., from the date of actual discipline to the time discipline was validated by the hearing"); see also Lee Decl., Ex. B at Ex. 34.

        b.    full evidentiary hearing

Plaintiff also contends that he is entitled to a full scale evidentiary hearing. To the extent plaintiff argues that he was deprived of an adequate post-termination hearing in violation of due process, plaintiff has waived this argument, since he never raised the issue on appeal. And to the extent plaintiff argues that a full scale evidentiary hearing is warranted as a remedy for a denial of pre-termination due process, the Ninth Circuit has clarified that a post-termination evidentiary hearing cannot cure the failure to provide pre-

termination due process. See Walls, 653 F.3d at 969 ("post-termination process, absent any pretermination procedure, is insufficient to fulfill" constitutional due process requirements).

Moreover, even if plaintiff's request for a full evidentiary hearing were properly before the court, either as part of a claim for violation of due process, or as a remedy for failure to provide pre-termination due process, the court would nonetheless conclude that defendant's provision of post-termination grievance procedures were adequate.

California courts have held that in order for a public employee's due process property rights to be fully safeguarded, that employee must be given the opportunity for an evidentiary hearing, with notice and opportunity to be heard, at some point prior to or after termination. See Townsel v. San Diego Metropolitan Transit Development Bd., 65 Cal. App. 4th 940 (1988); see also Phillips v. State Personnel Bd., 184 Cal. App. 3d 651, 656 (1986). In Jones v. Omnitrans, 125 Cal. App. 4th 273, (2004), however, the state appellate court further held that due process is satisfied by a collective bargaining agreement that affords the employee notice, an opportunity to be heard and the opportunity for arbitration of his dismissal – even if the employee's union has sole authority to request the hearing – as long as the union is acting under a duty of fair representation.

Defendant has submitted exhibits establishing that in connection with his post-termination grievance proceedings, plaintiff was provided: with written notice of his termination and the reasons therefor; with union representation; with the opportunity to read aloud an eight page written statement contesting his termination, and the opportunity to submit 14 exhibits in support of his opposition; with defendant's written responses to his grievances at each step of the grievance procedure; and with the opportunity to arbitrate his grievance, although the union ultimately decided not to arbitrate. See Lee Decl., Ex. A at 285:18-287:2, 292:1-293:25, 303:13-305:1, 313:1-319:23, Exs. 72-75; id., Ex. B at 123:9-125:7, 129:16-131:1, 137:9-146:10, Exs. 22-26, 28; id., Ex. C at 8:13-13:13, 17:22-19:3, Exs. 2-3; id., Ex. D at 14:10-19:17, Exs. 4-6. Thus, plaintiff was provided notice, an

opportunity to be heard, an opportunity to submit evidence, and the opportunity to arbitrate his grievance. This is all that is required, under <u>Jones</u>, for plaintiff's due process rights to be satisfied.

In sum, plaintiff is not entitled to any further evidentiary hearing.

### 2. Federal Due Process Violation

The last remaining issue argued by the parties is what, if any, remedy the court should impose for defendant's failure to provide a pre-termination hearing under the federal constitution. The parties' arguments on this score are less complicated than in connection with plaintiff's state due process claim. Plaintiff concedes, for example, that back pay is not mandatory or authorized as a remedy for a federal due process violation, and instead contends only that a full evidentiary hearing must be ordered. Defendant, for its part, continues to insist that no evidentiary hearing is required, since the grievance procedures that were offered to plaintiff post-termination comported with due process. Furthermore, both parties agree, at a minimum, that in the event that satisfactory post-termination procedures find that plaintiff was properly terminated, only nominal damages are available to plaintiff.

For the same reasons as identified in connection with plaintiff's state due process claims, the court concludes that the post-termination grievance proceedings provided by defendant comported with due process under the Fourteenth Amendment. <u>See also</u> <u>Armstrong v. Meyers</u>, 964 F.2d 948 (9th Cir. 1992)(holding that federal due process is satisfied by a collective bargaining agreement that affords the employee notice, an opportunity to be heard and the opportunity for arbitration of his dismissal). Since, moreover, those same proceedings concluded that plaintiff's termination was justified, it is undisputed that the remedy for defendant's failure to provide pre-termination due process violation is nominal damages. <u>See, e.g., Carey v. Piphus</u>, 435 U.S. 247, 266-67 (1978).

Accordingly, plaintiff is entitled to nominal damages as a remedy for defendant's Fourteenth Amendment due process violation in connection with the failure to provide a

pre-termination hearing.

## CONCLUSION

For all the foregoing reasons, the court hereby ORDERS that plaintiff is entitled to: (1) an award of back pay, from the date of plaintiff's termination up until the date that defendant finally denied plaintiff's post-termination grievance, as a remedy for defendant's failure to provide plaintiff with a pre-termination hearing under the California constitution; and (2) an award of nominal damages in the amount of $1.00, as a remedy for defendant's failure to provide plaintiff with a pre-termination hearing under the Fourteenth Amendment of the federal constitution.

Judgment is entered by separate order. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 22, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge