IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY WALLS,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTRAL CONTRA COSTS TRANSIT AUTHORITY,<br><br>        Defendant. | Case No. CV-08-224 PJH (JSC)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Dkt. No. 73)** |

Now pending before the Court for a Report and Recommendation is Plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C. §1988. The question presented is whether and to what extent an award of fees is warranted as a result of Plaintiff obtaining judgment in the amount of one dollar on his federal due process claim. After carefully reviewing the district court pleadings, papers submitted by the parties, and the Ninth Circuit opinion, and and having had the benefit of oral argument on April 26, 2012, the Court finds that Plaintiff obtained a tangible result in addition to the award of nominal damages. Because Plaintiff's success in the overall litigation was partial, however, the Court recommends that Plaintiff's lodestar for the entire case of approximately $142,000 be reduced by approximately 40% for a total award of fees and costs in the amount of $88,734.52.

# BACKGROUND

Plaintiff Kerry Walls ("Mr. Walls" or "Plaintiff") was employed as a bus driver with the Central Contra Costa Transit Authority ("CCCTA" or "Defendant"). Walls v. Central Contra Costa Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). Defendant initially terminated Mr. Walls' employment on January 27, 2006. His employment, however, was reinstated on March 2, 2006 "pursuant to an agreement executed over the course of a grievance process between Walls, his union representative, and CCCTA ('Last Chance Agreement' or 'Agreement')." Id. The following day Mr. Walls did not appear for work in violation of the Last Chance Agreement; accordingly, Defendant again terminated his employment on March 6, 2006. Id.

After unsuccessfully engaging in post-termination grievance procedures, Mr. Walls filed this action making four claims against the CCCTA: (1) violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); (2) termination in violation of California public policy; (3) due process violations under the California Constitution; and (4) due process violations under the federal Constitution, pursuant to 42 U.S.C. § 1983. The FMLA claim alleged that when Mr. Walls met with a CCCTA representative on March 1, 2006, he advised that due to health reasons he could not return to full time duties until April 2006, but that the CCCTA insisted that he sign the Last Chance Agreement promising that he would return to work the following day. (Dkt. No. 1 ¶ 5.) The California and federal due process claims alleged that CCCTA had terminated his employment without granting Mr. Walls "either a pre-termination or post-termination hearing." (Id. ¶ 8.) Finally, the state law wrongful termination in violation of public policy claim alleged that the FMLA violation and violations of his due process rights constituted wrongful termination. (Id. ¶ 13.)

**A. The Summary Judgment Proceedings**

After unsuccessful attempts at mediation and various discovery efforts, the parties filed cross-motions for summary judgment. The district court granted Defendant's motion for summary judgment in its entirety and denied Plaintiff's motion. The court held that Plaintiff's

2

FMLA claim failed because he was not a CCCTA employee at the time he purportedly requested medical leave, that is, on March 1, 2006.  (Dkt. No. 44 at 8-9.)   The district court also granted Defendant's motion for summary judgment on the state and federal due process claims on the ground that through the Last Chance Agreement Plaintiff waived his rights to any pre and/or post-termination hearings.  (Id. at 12-13.)  Finally, judgment was also entered on the wrongful termination claim on the grounds that it was premised on the unsuccessful FMLA and due process claims and, in any event, Plaintiff had failed to rebut Defendant's argument as to that claim and thereby conceded the claim.  (Id. at 14.)

### B. The Ninth Circuit Appeal

Plaintiff appealed the summary judgment order with respect to the FMLA claim and the state and federal due process claims, but as to the latter only with respect to the failure to provide a pre-termination hearing.  (Dkt. No. 71 at 2.)  Plaintiff also did not appeal judgment in favor of Defendant on the wrongful termination claim.  (Id.)  The Ninth Circuit affirmed the district court's grant of summary judgment as to Plaintiff's FMLA claim on the ground that the undisputed record established that Plaintiff was not an employee at the time he allegedly requested medical leave.  Walls, 653 F.3d at 967.  The court, however, reversed the grant of summary judgment on the state and federal due process claims with respect to the failure to provide a pre-termination hearing.  Id. at 969.  The court reasoned that it was undisputed that Plaintiff did not receive a hearing prior to his March 6, 2006 termination and that he did not waive his right to such hearing through the Last Chance Agreement.  Id.  Accordingly, the Ninth Circuit remanded the due process claims to the district court with instructions to grant judgment in Plaintiff's favor and to "determine what remedy, if any, is appropriate."  Id. at 970.

### C. The Post-Appeal Proceedings

The district court subsequently entered judgment in Plaintiff's favor on the due process claims.  With respect to the state law due process claim, the court held "that California law has . . . recognized that the remedy for failure to provide pre-termination due process is an award of back pay for the period of wrongful discipline. (Dkt. No. 71 at 4.)  Accordingly,

over Defendant's objection, the district court awarded Plaintiff back pay from the date of his termination to the date Defendant issued a decision on Plaintiff's post-termination grievance. (Id. at 6.)  The court, however, also rejected Plaintiff's assertion that he is entitled to "a full scale evidentiary hearing." (Id. at 6.)

> To the extent plaintiff argues that he was deprived of an adequate post-termination hearing in violation of due process, plaintiff has waived this argument, since he never raised the issue on appeal.  And to the extent plaintiff argues that a full scale evidentiary hearing is warranted as a remedy for a denial of pre-termination due process, the Ninth Circuit has clarified that a post-termination evidentiary hearing cannot cure the failure to provide pre-termination due process.

(Id.)  The court also held, in the alternative, that Plaintiff was provided with adequate post-termination procedures. (Id. at 7.)

The district court also held that Plaintiff could not recover back pay for his federal pre-termination hearing due process claim. (Id. at 8 ("Plaintiff concedes . . . that back pay is not mandatory or authorized as a remedy for a federal due process violation, and instead contends only that a full evidentiary hearing must be ordered").)  The court held further that as with the state due process claim, Plaintiff was not entitled to a full evidentiary hearing as a remedy for the federal pre-termination federal due process violation because Plaintiff's post-termination grievance proceedings comported with due process.  The district court accordingly awarded Plaintiff nominal damages of one dollar on his federal due process claim. (Id. at 8-9.)

**D. The Attorney's Fees Motion**

Plaintiff subsequently filed the pending motion for attorney's fees on the ground that he is a prevailing party under 28 U.S.C. § 1988(b) by virtue of his success on his § 1983 federal due process claim.  In light of his only partial success in this action, he does not seek all the fees and costs incurred; instead, he seeks 50% of the fees and costs incurred until the date of the Ninth Circuit opinion (August 3, 2011), and all of his fees and costs incurred thereafter, for a total award of $89,609.52.  Defendant responds that as Plaintiff obtained only

4

nominal damages on his federal due process claim—the only claim to which § 1988 applies—he is not entitled to any fees at all, or at most, an award of $5000.00.

## DISCUSSION

A court may in its discretion award "a reasonable attorney's fee" to a party prevailing under 42 U.S.C. §1983. 42 U.S.C. §1988(b). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 112 (1992). Although Plaintiff obtained only nominal damages on his federal due process claim, he is still a "prevailing party" because he obtained an enforceable judgment on that claim against Defendant. Guy v. City of San Diego, 608 F.3d 582, 588 (9th Cir. 2010); Wilcox v. City of Reno, 42 F.3d 550, 554 (9th Cir. 1994). Defendant nonetheless contends that Plaintiff's victory was merely technical and therefore the Court should not award any fees at all.

"Congress' intent in enacting § 1988 was to attract competent counsel to prosecute civil rights cases, where 'victims ordinarily cannot afford to purchase legal services at the rates set by the private market.'" Mendez v. County of San Bernardino, 540 F.3d 1109, 1126 (9th Cir. 2008) (citation omitted). "Therefore, a court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception." Id. (internal quotation marks and citation omitted). When determining an award of fees under §1988, the court usually begins by calculating the lodestar figure, that is, "the number of reasonable hours expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Benton v. Oregon Student Assistance Com'n, 421 F.3d 901, 904 (9th Cir. 2005) (observing that Hensley held that the starting point for a §1988 fee determination is the lodestar). However, where, as here, the plaintiff received only nominal damages on the section 1983 claim, the court's first inquiry must be whether the plaintiff is entitled to any fees at all. Benton, 421 F.3d at 905.

**A. Whether Plaintiff is Entitled to an Award of Fees and Costs**

Denial of an award of attorney's fees under §1988 is warranted where "'the plaintiff's success is purely technical or *de minimis*.'" Mendez, 540 F.3d at 1126 (quoting Morales v.

City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)).  Therefore, an award of nominal damages itself is not enough to justify an award of attorney's fees.  Benton, 421 F.3d at 905; Wilcox, 42 F.3d at 555.  Plaintiff argues that despite obtaining only $1.00 on his federal due process claim, he is entitled to an award fees because his lawsuit achieved other tangible results.  He also argues, in effect, that fees are warranted because the California due process claim, on which he obtained a back-pay award, is factually indistinguishable from his federal due process claim; in other words, he obtained more than nominal damages.

### 1.  Other tangible results

When only nominal damages are obtained "attorney's fees are appropriate if 'the lawsuit obtained other tangible results-such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects.'"  Guy, 608 F.3d at 589 (quoting Wilcox, 42 F.3d at 555).  Other related factors supporting an award of fees despite a nominal damages judgment "include 'the significance of the legal issue on which the plaintiff claims to have prevailed' and whether the success 'accomplished some public goal . . . .'"  Benton, 421 F.3d at 905 (quoting Farrar v. Hobby, 506 U.S. 103,121(1992) (O'Connor, J., concurring)).

The Court concludes that Plaintiff obtained other tangible results here.  The Ninth Circuit held that a Last Chance Agreement, or any written agreement for that matter, does not waive an employee's federal constitutional right to a pre-termination hearing unless the agreement contains a clear and express waiver of the pre-termination hearing right.  Walls, 653 F.3d at 969.  The court held further that an express waiver of the right to a post-termination hearing is insufficient to waive the constitutional right to a pre-termination hearing.  Id.  The court explained that the waiver must be such that it is clear that the employee "knew and understood when he signed the Agreement that he was waiving his right to a pre-termination hearing."  Id.  The court's holding establishes a finding of fact with potential collateral estoppel effects as to other employees with similar agreements.  Defendant will likely be in violation of the federal due process clause if it seeks to terminate other employees for violating similar last chance agreements without first affording the employee a pre-termination hearing.

Moreover, the Ninth Circuit ruling was made in a published opinion binding on all the federal courts of the Ninth Circuit—and thus all public employers within the Circuit. This case is thus likely to have a significant impact on the process for terminating public employees, whether the effect is to cause employers to draft last chance agreements to clearly waive the right to a pre-termination hearing if the parties so agree, or to provide employees with a pre-termination hearing if they violate a last chance agreement that does not clearly waive the right to such a hearing.[1] Thus, in addition to establishing a fact with a potential collateral estoppel effect, Plaintiff's success led to an accomplishment for all public employees in the Ninth Circuit, at least those employees faced with similar agreements.

In Guy, for example, the jury found in favor of plaintiff on his excessive force claim, but awarded only nominal damages. Guy, 608 F.3d at 588-89. The district court declined to award the plaintiff any fees at all on the ground that the fact of the judgment itself did not mean that the defendant city would keep a closer eye on the defendant police officer. Id. at 590. The Ninth Circuit held that the district court had abused its discretion in declining to award fees because the verdict, in fact, had a tangible effect: "It is logical to expect, in the face of this jury verdict, that the police department would take a closer look at the level of force used by its police officers after they have subdued a suspect." Id. Similarly, here, it is logical to expect, in the face of the judgment in this action, that Defendant and all public employers within the Ninth Circuit will take a closer look at their "last chance agreements" and the due process they provide to employees who violate those agreements. Indeed, at oral argument Defendant conceded that as a result of this case it will have to change the wording of any last chance agreements to ensure that the employee understands he or she is clearly waiving the right to a pre-termination hearing. The Court finds that such a tangible result warrants an award of fees and costs.

//

---

[1] Even if the newspaper and journal articles attached to Plaintiff's counsel's declaration, and the arbitrator's statement recounted in counsel's declaration (Dkt. Nos. 73-1, Ex. D; 73-2, Ex. A; 73-2 ¶ 12 ) are not admitted for the truth of the matter asserted, they are evidence that persons other than Plaintiff have expressed an interest in the outcome of this case.

7

### 2. The state due process claim

There is a second, related ground for awarding Plaintiff some amount of attorney's fees and costs: his success and award of back pay on the state due process claim. "When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under § 1988." Carreras v. City of Anaheim, 768 F.2d 1039, 1050 (9th Cir. 1985). There can be no dispute that Plaintiff's success on his state constitutional claim was more than de minimus or technical, as he was awarded back pay for the violation of his due process right to a pre-termination hearing. (Dkt. No. 71 at 6.) Further, there can be no dispute that the federal and state constitutional claims are based on a common nucleus of operative fact: the Ninth Circuit analyzed the two claims together. Walls, 653 F.3d at 967-69. The district court explained that it awarded back pay on the state and not the federal due process violation because federal law does not allow for back pay for a violation of the pre-termination hearing right. (Dkt. No. 71 at 8.) Thus, if the federal claim was "substantial," this is an additional reason for an award of fees. As the federal claim was nearly identical to the state claim, the Court finds that it was substantial.

Defendant's attempt to distinguish Carreras on the ground that it involved a federal claim that the court could have but did not reach is unpersuasive. Here the district court could have similarly declined to reach the federal due process claim since it would not result in any additional remedy. It makes no sense to hold that where a district court declines to reach a federal claim an award of fees is warranted, but where, as here, the federal claim is actually decided in the plaintiff's favor no fees are appropriate. Defendant's reliance on Mateyko v. Felix, 924 F.2d 824 (9th Cir. 1991) is similarly unavailing as there the plaintiff *lost* the federal claim. Id. at 826. Here, in contrast, Plaintiff succeeded on the federal claim. Moreover, for all the reasons explained above, that success led to more than just an award of nominal damages.

//
//

### B. The Amount of the Award

Having determined that an award of attorney's fees and costs is warranted, the Court must now decide on the appropriate amount. Plaintiffs have submitted evidence of an attorney's fees lodestar of approximately $140,000 for the entire case. This amount was calculated based on an hourly rate of $275 for Plaintiff's counsel Mr. Lunch and $350 for Plaintiff's counsel Mr. Flynn, and $125 for law clerk time. Defendants offer no objection to these rates and the Court finds them entirely reasonable.

#### 1. Hours reasonably expended

A trial court must exclude from an initial fee calculation any hours that were not "reasonably expended," Hensley, 461 U.S. at 434, including any hours that are unnecessarily duplicative. Mendez, 540 F.3d at 1129. Defendant objects to 28 hours as duplicative; in particular, it objects to being charged for both Mr. Lunch and Mr. Flynn attending (1) the mediation, (2) Plaintiff's deposition, and (3) the depositions of Muegge and Churchill.

The Court finds that it was not unnecessarily duplicative for both counsel to attend the mediation. Most cases settle and mediation is frequently one of the most important--if not most important--proceedings in a case. It is thus reasonable for co-counsel to want to participate in the proceeding together before agreeing to compromise a client's claim, which is perhaps why Defendant had two attorneys participate in the mediation as well. (Dkt. No. 81-1.) Indeed, to hold that it is unreasonable for more than one plaintiff's counsel to attend mediation would likely render mediation far less effective.

The Court is also not persuaded that it was unnecessary for Mr. Flynn and Mr. Lunch to attend the deposition of Plaintiff—a critical, if not the most critical—deposition in the case. Further, Plaintiff offers evidence that Defendants, too, had two attorneys at Plaintiff's deposition. (Dkt. No. 81-1.) There is nothing in the record, however, that suggests that both Plaintiff's counsel were needed at the depositions of Churchill and Muegge as Plaintiff's reply does not address this argument. Accordingly, the Court will deduct from the lodestar for the time spent by Mr. Flynn attending these two depositions.

9

Defendant makes no other objections to the reasonableness of the fees incurred. See Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits"); see also Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008) ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut"). The Court has nonetheless reviewed the time records, including the time claimed on this motion for attorney's fees, and finds the time requested reasonable.

### 2. Relatedness and degree of success

The Court's determination that Plaintiff's counsel's hours were reasonably incurred (with one exception) does not end the inquiry. The Court must adjust the lodestar figure to account for Plaintiff's failure to succeed on her FMLA and wrongful termination claims. To do so the Court applies a two-part analysis.

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive.

Thorne v. City of El Segundo, 802 F.2d 1131, 1141(9th Cir. 1986); see also Wilcox, 42 F.3d at 556 ("the degree of the plaintiff's *overall* success goes to the reasonableness of a fee award") (internal quotation marks and citation omitted).

Claims are unrelated if they are "distinctly different claims for relief that are based on different facts and legal theories." Hensley, 461 U.S. at 434-35. Claims are related if they "involve a common core of facts or [are] based on related legal theories." Id. However,

10

"there is no certain method of determining when claims are 'related' or 'unrelated.'" Id. at 437 n.12; see also Thorne, 802 F.2d at 1141 ("[t]he test for relatedness of claims is not precise"). Nonetheless, in general a court's focus is "on whether the unsuccessful and successful claims arose out of the same 'course of conduct.' If they didn't, they are unrelated." Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003) (internal quotation marks and citation omitted). "Claims are *unrelated* if the successful and unsuccessful claims are "distinctly different" *both* legally *and* factually." Id. Such "distinctly different hours" are excludable "because work on such distinctly different claims "cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" Id. (internal quotation marks and citation omitted)). "In short, claims may be related if either the facts *or* the legal theories are the same." Id.

### a. **The pre-appeal fees and costs**

As set forth above, to determine a proper reduction of the lodestar, the first inquiry is whether the FMLA/wrongful termination claims are related to Plaintiff's due process claims. The Court finds that they are. The wrongful termination claim was both legally and factually premised, at least in part, on the pre-termination hearing due process violation. (Dkt. No. 1 ¶ 13.) The FMLA claim similarly overlapped factually with the due process claims. The facts as to Plaintiff's termination in January 2006, the circumstances of the March 1, 2006 meeting, the offer of a last chance agreement, and Plaintiff's March 6, 2012 termination, are all relevant to both the FMLA and due process claims. Indeed, it is difficult to imagine any facts relevant to the FMLA claim that would not also have been discovered and relevant to the due process claims, although certainly their significance with respect to each claim differed.

Although all the claims are related, the Court must still evaluate the significance of the overall relief obtained by Plaintiff in relation to the hours reasonably expended on the litigation. It is undisputed that the relief obtained was partial; Plaintiff did not succeed in receiving any back pay beyond the date of the completion of his post-termination grievance; nor did he obtain an order that he should not have been terminated. Thus, Plaintiff's financial relief was minimal. As explained above, however, Plaintiff did succeed in obtaining a ruling

with significance for public employees throughout the Ninth Circuit. In light of such success, Plaintiff's proposed reduction of the lodestar incurred before the Ninth Circuit's ruling by 50% is reasonable. As the Ninth Circuit has noted, "the assessment of the 'results obtained' by the actual client in a civil rights action should not be limited to the damages award that the person received . . . . and must be considered along with 'the benefits [conferred] on others throughout society by winning a civil rights claim." Morales, 96 F.3d at 365 n.12 (internal quotation marks and citation omitted); see also Thomas v. City of Tacoma, 410 F.3d 644, 650 (9th Cir. 2005) ("at the heart of this inquiry is whether Plaintiff's accomplishments justify the award") (internal quotation marks and citation omitted). Moreover, given the relatedness of the successful and unsuccessful claims, the Court finds that Plaintiff's lodestar would likely have been greater than that claimed here if he had only brought due process claims in the first place.

### a. The post-appeal fees and costs

Plaintiff seeks all of his fees and costs incurred post-appeal since those expenses were incurred solely in connection with Plaintiff's successful claims. In other words, they were necessarily incurred in connection with the claims on which he succeeded. The Court agrees. At oral argument the Court inquired as to whether such fees should be reduced to take into account that during the remedy phase Plaintiff unsuccessfully sought an order directing Defendant to provide him with a full evidentiary hearing. The law is clear, however, that "a district court should not reduce the lodestar merely because the prevailing party did not receive the type of relief it requested. This is especially true in civil rights cases." Gates, 987 F.2d at 1404.

## CONCLUSION

While Plaintiff was unsuccessful in his challenge to the termination of his employment, he did succeed in receiving some back pay and, importantly, clarifying the law throughout the Ninth Circuit with respect to last chance agreements and the constitutional right of public employees to a pre-termination hearing. In light of this partial success, the Court recommends an award of fees in the amount of $87,106.25 and of out-of-pocket expenses otherwise

1  unrecoverable as costs in the amount of $1,628.27 for a total award of $88,734.52.  The
2  amount of fees is approximately 60% of Plaintiff's total reasonable lodestar.
3      Any objections to this Report and Recommendation must be filed with the district court
4  within 14 days of the filing of this Order.  Fed. R. Civ. P. 72(b); Civ. L.R. 72-2, 72-3.
5      **IT IS SO ORDERED.**
6  Dated: April 30, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE